UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER NIKOLAS GIERCZYK,<br><br>Plaintiff,<br><br>v.<br><br>OLYMPUS PEAK TRADE CLAIMS OPPORTUNITIES FUND I NON-ECI MASTER LP,<br><br>Defendant. | Case No. 1:24-CV-07708 |

# COMPLAINT

Plaintiff Alexander Nikolas Gierczyk ("Plaintiff" or "Mr. Gierczyk") by his undersigned counsel files this Complaint against Defendant Olympus Peak Trade Claims Opportunities Fund I Non-ECI Master LP ("Defendant" or "Olympus Peak") and alleges as to himself and his own acts and on information and belief as to all others as follows:

## NATURE OF THE ACTION

1. Mr. Gierczyk brings this action to enforce Olympus Peak's obligations under a purchase agreement.

2. Mr. Gierczyk was a customer of cryptocurrency exchange FTX. When FTX filed for Chapter 11, Mr. Gierczyk became one of millions of involuntary creditors holding a claim against a bankrupt entity. After a year without access to his account, he assigned his claim to hedge fund Olympus Peak to recover at least some of the value of his funds.

1

3. Mr. Gierczyk agreed to sell his claim at a substantial discount of 42 %. However, he only agreed to do so because the purchase agreement contained a clause that expressly gave him the right to receive additional recovery in the event his claim was paid above par through the bankruptcy proceedings. It was an eventuality he foresaw and negotiated for. Specifically, the Purchase Agreement provides that, if Mr. Gierczyk's claim receives "distributions and other payments that are identical to the distributions and other payments that customer account claims of the type of Sellers' Claim are entitled to receive against the Debtor in an amount that is greater than the Claim Amount" then Olympus Peak would be obligated to purchase such amount at the same discounted rate. Ex. A at Section 3(c). In other words, if Olympus Peak received distributions above the Claim Amount, it would have to pay Mr. Gierczyk his agreed share of those distributions.

4. When Mr. Gierczyk learned that his claim would likely receive recoveries above the Claim Amount, he contacted Olympus Peak. However, Olympus Peak made clear that they would not be fulfilling their end of the bargain.

5. FTX's plan of reorganization has been confirmed, and distributions under the plan are expected to begin before the end of the year. FTX's disclosure statement for its plan of reorganization states that claims like Mr. Gierczyk's are estimated to receive *at least* 129%, and as much as 146%, and current trading prices reflect this estimate.

6. Just as there is no practical doubt that Mr. Gierczyk's claim will receive distributions in excess of the Claim Amount, Olympus Peak's intention to keep all the excess distributions to itself and breach its obligations under the agreement is certain. Therefore, Mr. Gierczyk is left with no choice but to bring this action to compel Olympus Peak to fulfill its contractual obligations.

## THE PARTIES

7. Plaintiff Alexander Nikolas Gierczyk is an individual residing in Los Osos, California and a citizen of the state of California.

8. Defendant Olympus Peak Trade Claims Opportunities Fund I Non-ECI Master LP is a limited partnership organized under the laws of Delaware. Its principal place of business is 177 West Putnam Avenue, Suite 2622-S1, Greenwich, CT 06831.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in dispute in this action, exclusive of interest and costs, exceeds the sum of $75,000.

10. This Court has personal jurisdiction over the parties pursuant to New York General Obligations Law § 5-1402 because the action arises out of an agreement for which a choice of New York law has been made, and which (i) relates to obligations arising out of a transaction covering in the aggregate not less than one million dollars, and (ii) contains a provision whereby such parties agreed to submit to the jurisdiction of the courts of this state.[1]

---

[1] "BUYER AND SELLERS IRREVOCABLY AGREE THAT ANY ACTION TO ENFORCE, INTERPRET, OR CONSTRUE ANY PROVISION OF THIS ASSIGNMENT WILL BE BROUGHT AND DETERMINED ONLY IN A STATE OR FEDERAL COURT LOCATED IN THE CITY AND COUNTY OF NEW YORK, EXCEPT NOT IN THE BANKRUPTCY COURT ("NEW YORK COURTS"). BUYER AND SELLERS IRREVOCABLY AND UNCONDITIONALLY CONSENT TO THE PERSONAL JURISDICTION OF THE NEW YORK COURTS IN ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISION OF THIS ASSIGNMENT, AND ALSO HEREBY IRREVOCABLY WAIVES: (A) TRIAL BY JURY; (B) ANY DEFENSE OF IMPROPER VENUE; OR (C) *FORUM NON CONVENIENS*, TO ANY SUCH ACTION BROUGHT IN THE NEW YORK COURTS. THIS ASSIGNMENT AND ALL MATTERS ARISING OUT OF OR RELATING TO IT WILL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT GIVING EFFECT TO ANY CONFLICTS OF LAW PROVISIONS THAT WOULD REQUIRE OR PERMIT THE APPLICATION OF THE LAWS OF ANY OTHER JURISDICTION." Ex. A at Section 12.

11.     Venue in this district is proper pursuant to the foregoing express forum selection clause.

## FACTS

12.     In November 2022, cryptocurrency exchange FTX Trading Ltd. ("FTX") and certain of its debtor affiliates (collectively with FTX, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' bankruptcy cases are jointly administered under In re FTX Trading LTD, *et al.*, Case No. 22-11068 (JTD)[2].

13.     On November 13, 2023, Mr. Gierczyk and Ambrose Victor Regan, as Sellers, entered into an Assignment of Claim (the "Purchase Agreement") with Olympus Peak, as Buyer.

14.     A true and correct copy of the Purchase Agreement is attached hereto as Exhibit A.

15.     The Purchase Agreement provides for the sale a customer claim against FTX bearing Customer Code 01086571 (the "Claim") to Defendant based on a "Claim Amount" of $1,587,772.06. Ex. A at 1.

16.     The Purchase Agreement provides that Defendant will purchase the Claim Amount at a "Purchase Rate" of 42%, yielding a "Purchase Price" of $666,864.27. *Id.* at Annex A.

17.     The Purchase Agreement contains the following provision at Section 3(c) (the "Excess Claim Provision"):

> ***If the Claim*** is ultimately allowed as a non-contingent, liquidated, undisputed, and unsubordinated claim by a final, non-appealable, order of the Bankruptcy Court (a "Final Order") that ***is entitled to receive***, with respect to manner, timing and pro-rata amounts, such ***distributions and other payments*** that are identical to the distributions and other payments that customer account claims of the type of Sellers' Claim are entitled to receive against the Debtor

---

[2] Documents cited in this Complaint that were filed in the jointly administered bankruptcy cases are referred to by their docket numbers as "Bankr. ECF No."

4

*in an amount that is greater than the Claim Amount* (such additional amount is the "Excess Claim Amount"), **Buyer will purchase such Excess Claim Amount** by paying, within ten (10) business days of: (a) Buyer's receipt of such Final Order; or (b) Buyer's receipt of Distributions on the Excess Claim Amount, an amount equal to the Excess Claim Amount multiplied by the Purchase Rate. By accepting payment for the Excess Claim Amount, Sellers will thereby reaffirm, as of the date of such payment, all representations, warranties and covenants in this Assignment (emphasis added).

18. The Purchase Agreement contains the following provision at Section 14 (the "Further Transfers Provision"):

Further Transfers. Sellers hereby acknowledge and agree that (i) Buyer may at any time re-assign, participate, or otherwise transfer the legal, economic and/or the beneficial interest in the Transferred Rights or any portion thereof, together with all right, title, and interest of Buyer, in and to this Assignment or delegate any of its rights or obligations hereunder or any portion hereof without the prior written consent of Sellers, and (ii) Sellers may not re-assign, participate, or otherwise transfer the legal, economic and/or beneficial interest in the Transferred Rights or Sellers' obligations hereunder without the prior written consent of Buyer.

19. On May 7, 2024, FTX filed a draft disclosure statement [Bankr. ECF No. 14301] with respect to its proposed plan of reorganization, which included an estimated percent recovery of 127-142% for "Class 5A Dotcom Customer Entitlement Claims."

20. On May 22, 2024, Mr. Gierczyk sent Matt Englehardt, an Olympus Peak employee, an email that included the Excess Claim Provision. Mr. Gierczyk informed Mr. Englehardt that "FTX is considering paying out claimants 120-140%" and that, under the Excess Claim Provision, Plaintiff is "going to be eligible for an additional payout when FTX pays out our claim" and offering Defendant the "first shot at an offer to simplify everything on [its] end." On May 24, 2024, Mr. Engelhardt responded to Plaintiff's email unequivocally stating that Olympus Peak will not be paying Mr. Gierczyk for distributions made in excess of the Claim Amount and concluding: "In short, we disagree with your position that you have a retained any economic interest in the claim."

21. A true and correct copy of the foregoing email exchange is attached hereto as <u>Exhibit B</u>.

5

22. On June 26, 2024, the Bankruptcy Court entered the *Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages;(III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [Bankr. ECF No. 19068].

23. On June 27, 2024, the Debtors filed the solicitation version of the *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* [Bankr. ECF No. 19143] (the "Disclosure Statement"), and the Summary of Treatment of Claims and Interests and Estimated Recoveries contained therein is attached hereto as Exhibit C.[3]

24. On September 30, 2024, the Debtors filed the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [Bankr. ECF No. 26029] (the "Plan"), a copy of which is attached hereto as Exhibit D.

25. On October 8, 2024, the Bankruptcy Court entered an order confirming the Plan [Bankr. ECF No. 26404] (the "Confirmation Order"), a copy of which is attached hereto as Exhibit E and which incorporates the Plan by reference (Exhibit A to the Confirmation Order).

26. The Claim has been classified as a Class 5A claim pursuant to the ballot for voting the Claim.

27. The Claim falls under the definition of "Class 5A Dotcom Customer Entitlement Claims" under the Plan and there is no objection or other pending dispute as to such classification.

---

[3] Due to the file size of the Disclosure Statement, it has not been attached to this Complaint in its entirety.

6

28. The Disclosure Statement projects that Class 5A claims will recover 129%-143%. Ex. C.

29. The Claim is allowed pursuant to the Confirmation Order and Plan, or will be deemed allowed pursuant to the Confirmation Order and Plan absent an objection to the Claim before the applicable deadlines set forth in the Confirmation Order and the Plan or a successful appeal of the allowance of claims under the Confirmation Order and Plan.

30. The Claim is not scheduled or otherwise identified by the Debtors as contingent, disputed, unliquidated or subordinated.

31. There are no objections currently pending against the Claim.

32. As of October 9, 2024, claims listing websites X-Claim and Claims Market quote the current market pricing of claims against FTX at 120-126% (for claims greater than $1 million),[4] and 123-128%,[5] respectively.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

33. The Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 32.

34. Plaintiff and Defendant entered into the Purchase Agreement, which included the Excess Claim Provision.

---

[4] *Current Market Pricing*, Xclaim (homepage) (Oct. 9, 2024), www.x-claim.com
[5] *FTX Claims Pricing*, Claims Market by Cherokee Acquisition (homepage) (Oct. 9, 2024), www.claims-market.com

35. A justiciable controversy exists between Defendant and Plaintiff regarding their respective rights and obligations under the Purchase Agreement, and the controversy is of sufficient reality and immediacy to warrant a declaratory judgment.

36. Plaintiff is entitled to a declaration that the Excess Claim Provision requires Defendant to purchase from Plaintiff the distributions made in excess of the Claim Amount on account of the Claim at the "Purchase Rate" set forth in the Purchase Agreement.

## SECOND CAUSE OF ACTION
### (Anticipatory Breach of Contract under New York Law)

37. The Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 36.

38. Plaintiff and Defendant entered into the Purchase Agreement, which included the Excess Claim Provision.

39. Defendant positively and unequivocally declared that it will not fulfill its duties under the Purchase Agreement, and such declaration was made before the duties arose.

40. Plaintiff has duly performed all its obligations and duties under the Purchase Agreement and was at the time of the anticipatory breach, and remains, ready, willing and able to perform its obligations under the Purchase Agreement.

41. Due to Defendant's anticipatory breach, Plaintiff is entitled to damages in an amount to be proved a trial, including attorneys' fees, expenses, and costs and other appropriate relief stemming from such breach.

## THIRD CAUSE OF ACTION
### (Declaratory Judgment)

42. The Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 41.

43. Plaintiff and Defendant entered into the Purchase Agreement, which included the Excess Claim Provision.

44. Defendant positively and unequivocally declared that it will not fulfill its duties under the Purchase Agreement, and such declaration was made before the duties arose.

45. Plaintiff has duly performed all its obligations and duties under the Purchase Agreement and was at the time of the anticipatory breach, and remains, ready, willing and able to perform its obligations under the Purchase Agreement.

46. A justiciable controversy exists between Defendant and Plaintiff regarding their respective rights and obligations under the Purchase Agreement, and the controversy is of sufficient reality and immediacy to warrant a declaratory judgment.

47. Plaintiff is entitled to a declaration that Defendant has anticipatorily breached the Purchase Agreement under New York law and that, as a result, Plaintiff is not required to perform its future obligations under the Purchase Agreement, including any requirement to remit distributions to Defendant, any prohibition on filing an objection to the transfer of the Claim in the Bankruptcy Court, or any prohibitions under the Further Transfers Provision.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in its favor as follows:

a) A judgment declaring that the Purchase Agreement requires Defendant to purchase the distributions made in excess of the Claim Amount on account of the Claim at the "Purchase Rate" set forth in the Purchase Agreement;

b) A judgment declaring that Olympus Peak has anticipatorily breached the Purchase Agreement under New York law and that, as a result, Plaintiff is not required to perform its future obligations under the Purchase Agreement, including any requirement to remit distributions to Defendant, any prohibition on filing an objection to the transfer of the Claim in the Bankruptcy Court, or any prohibitions under the Further Transfers Provision;

c) Damages in an amount to be proven at trial, including attorneys' fees, expenses, and costs and other appropriate relief stemming from Defendant's anticipatory breach;

d) Liens on the Claim to secure performance of this Court's orders; and

e) Such other relief as the Court deems just and proper.

Dated: New York, New York  
October 10, 2024

Respectfully Submitted,

**ASHURAEY LAW PLLC**

*/s/ Sam Ashuraey*

1325 Avenue of the Americas, 28th Floor  
New York, NY 10019  
Telephone: (212) 301-7607  
Email: sam@ashuraeylaw.com

*Counsel for Alexander Nikolas Gierczyk*

**EXHIBIT A**

**Purchase Agreement**

# EXHIBIT B
## Email Exchange

**EXHIBIT C**

**Disclosure Statement**

**EXHIBIT D**

**Plan**

**EXHIBIT E**

**Confirmation Order**

Case 1:24-cv-07708 Document 1 Filed 10/10/24 Page 16 of 16