**Subject:** FW: RE: FTX claim
**Date:** Thursday, October 10, 2024 at 3:35:07 PM Eastern Daylight Time
**From:** Sam Ashuraey
**Attachments:** image001.png, image002.png

On Thu, May 23 2024 at 1:48 PM, Matt Englehardt <menglehardt@opeaklp.com> wrote:

Alex,

I reached out to Xclaim and they strongly disagreed with your description of their involvement or their confirmation of your understanding of the agreement. Xclaim simply suggested that the language in Section 2(c) should be reviewed by your counsel and that you discuss the matter directly with Olympus Peak.

At no time did we discuss an upside sharing arrangement. The language in section 2(c) was to cover a situation whereby the Claim Amount increased due to either a quantity or valuation changes to the upside which would result in distributions being paid on the increased Claim Amount (e.g., the Excess Claim). At the time, there was uncertainty on whether the Debtor would use petition date pricing or not to value the tokens. Following our settlement date, the Debtor filed an estimation motion. In fact, we show (based on the estimation motion) that the Claim Amount was reduced. The Tron price being used by the Debtor is 0.0556107 vs. what we used of 0.05588. Therefore, we calculate the ultimate allowed amount as $1,583,506 vs. the $1,587,772 that we funded on.

|       | Quantity      | Price | Total        |
|-------|---------------|-------|--------------|
| MATIC | (1.91)        | 1.03  | (1.96)       |
| TRX   | 28,474,882.85 | 0.06  | 1,583,508.17 |
| USDT  | 0.01          | 1.00  | 0.01         |
| GBP   |               |       | 0.34         |
| USD   |               |       | 0.52         |
| Total |               |       | 1,583,506.21 |

In short, we disagree with your position that you have a retained any economic interest in the claim.

Thank you,
Matt

---

**From:** Alex G <kyzcreig@gmail.com>
**Sent:** Thursday, May 23, 2024 2:17 AM
**To:** Matt Englehardt <menglehardt@opeaklp.com>
**Cc:** Ambrose Regan <ambrose.regan@quadra.trade>
**Subject:** RE: FTX claim

Hi Matt,

Thank you. As you recall our claim was made up of almost entirely 100% TRX tokens. This wasn't a coincidence, the Tron Foundation had announced it would reimburse any TRX holders that lost TRX tokens on FTX due to bankruptcy in kind (1:1 for TRX tokens on FTX), hence we converted our entire balance to TRX. Now, because the value of those tokens was substantially higher in 2023 than it was in November 2022, at the nadir of the crypto market, this represented potentially millions of dollars

In November 2022, at the nadir of the crypto market, this represented potentially millions of dollars of additional future distribution in excess of the claim amount. As you recall, in order to cleanly account for any possibility where we were paid something in excess of the claim amount from any party (Tron Foundation, FTX estate, etc.) we added Section 2(c) and other changes to the standard purchase agreement.

So, our concern was never about the claim amount changing (which is accounted for in the standard contract from XClaims anyway), it was actually about distributions in excess or separate from the claim amount. Hence the language in Section 2(c). I believe we discussed this extensively, certainly we did with XClaims, who brokered the deal. I would encourage you to re-read Section 2(c) with those scenarios in mind, as that's what's happening now and how and why Section 2(c) was written. Our counsel reviewed it when it was written and more recently again to confirm it applies to the additional FTX payout.

Obviously, anything can change and FTX might not pay claimants out 140% of their claim value, but if they do, according to our purchase agreement, we are entitled to 42% of the additional value in excess of 100%, within 10 days. Which will be a decent chunk of change, around $260k. And we are open to potentially selling this economic upside to you to make things cleaner.

Just for reference I did reach out to XClaims and they remembered the details I described above and their counsel agreed, upon reviewing the contract and Section 2(c), the additional FTX payout is covered by Section 2(c). This is different from their standard contract however, hence the confusion. Their standard contract does not contain Section 2(c) and would not account for the additional payout.

The possibility of future upside was a major determining factor in whether we sold our claim or not, so my understanding, the understanding of our counsel, the understanding of XClaims, and our understanding of your understanding, was that this was a rare case where we agreed to share the upside.

Please let me know if you have any questions!

On Wed, May 22 2024 at 5:11 PM, Matt Englehardt <menglehardt@opeaklp.com> wrote:
> Alex,
>
> Section 2(c) relates to the notional amount which is the Claim Amount of $1,587,772.06. If for some reason, the Claim Amount was allowed in an amount greater than $1,587,772.06 and distributions were keyed off this greater amount, the Seller would be entitled to the purchase price of 42% multiplied by this excess claim amount over $1,587,772.06. Conversely, if the Claim Amount was reduced or impaired such that the Claim Amount was less than $1,587,772.06 (and as a result distributions would be keyed off the lower amount), Seller would be obligated to pay back Buyer for the disallowed/reduced amount multiplied by the purchase rate plus interest – see section 7 of the agreement.
>
> Changes in the claim size (either up or down) is what is driving the adjustments described above. Not, the ultimate distributions to be paid. Buyer does not assume the risk on the claim size but does assume the risk on the distributions ultimately paid. Indeed, section 5(vi) of the agreement

does assume the risk on the distributions ultimately paid. Indeed, section 3(vi) of the agreement explicitly provides, in pertinent part, that each Buyer and Seller is aware that Purchase Price being paid by Buyer hereunder may differ both in kind and amount from the amount ultimately distributed with respect to the Claim pursuant to any plan of reorganization confirmed for Debtor.

In rare cases where we have agreed to an upside sharing arrangement, this is a negotiated term of trade, and the language is very explicit on this point.

Matt

---

**From:** Alex G <kyzcreig@gmail.com>
**Sent:** Wednesday, May 22, 2024 3:55 PM
**To:** Matt Englehardt <menglehardt@opeaklp.com>
**Cc:** Ambrose Regan <ambrose.regan@quadra.trade>
**Subject:** Re: FTX claim

Hi Matt,

I just wanted to check in. Since FTX is considering paying out claimants 120-140% and our claim contract was customized for 42% of any economic value derived from the claim m (in case of this possibility, or a substantially different price for TRX, or the Tron Foundation sending a payout) - we're going to be eligible for an additional payout when FTX pays out our claim. We're contemplating selling this additional economic value now and we wanted to give you the first shot at an offer to simplify everything on your end.

Contract
https://www.dropbox.com/scl/fi/ezfxm0mmvn7dk7zzrwt65/KL2-3363007-v3-FTX_Assignment_of_Claim_-AmbroseVictorRegan-_exe-v-1-1-2.pdf?rlkey=i93tkg2gxgqj81a13703xegnl&dl=0 [dropbox.com]

Relevant section:
> (c) If the Claim is ultimately allowed as a non-contingent, liquidated, undisputed, and unsubordinated claim by a final, non-appealable, order of the Bankruptcy Court (a "Final Order") that is entitled to receive, with respect to manner, timing and pro-rata amounts, such distributions and other payments that are identical to the distributions and other payments that customer account claims of the type of Sellers' Claim are entitled to receive against the Debtor in an amount that is greater than the Claim Amount (such additional amount is the "Excess Claim Amount"), Buyer will purchase such Excess Claim Amount by paying, within ten (10) business days of: (a) Buyer's receipt of such Final Order; or (b) Buyer's receipt of Distributions on the Excess Claim Amount, an amount equal to the Excess Claim Amount multiplied by the Purchase Rate. By accepting payment for the Excess Claim Amount, Sellers will thereby reaffirm, as of the date of such payment, all representations, warranties and covenants in this Assignment.

On Tue, Feb 13 2024 at 11:25 PM, Alex G <kyzcreig@gmail.com> wrote:
> Sounds good.
>
> On Mon, Feb 12, 2024 at 3:56 PM Matt Englehardt <menglehardt@opeaklp.com> wrote:
>> Thanks. Will let you know, but I think we have everything we need.
>>
>> **From:** Alex G <kyzcreig@gmail.com>
>> **Sent:** Saturday, February 10, 2024 5:15 AM

**To:** Matt Englehardt <menglehardt@opeaklp.com>
**Cc:** Ambrose Regan <ambrose.regan@quadra.trade>
**Subject:** Re: FTX claim

Hi Matt, I have not. I believe Ambrose has forwarding set up for me still so I don't think he has either. Is there anything specific you were expecting?

On Fri, Feb 2, 2024 at 9:21 AM Matt Englehardt <menglehardt@opeaklp.com> wrote:

> Ambrose/Alex,
>
> Hope all is well.  Have you received any emails or notices from FTX?  If so, do you mind forwarding?
>
> Thank you,
> Matt
>
> _____
>
> **Matt Englehardt**
> **Olympus Peak Asset Management**
> 177 West Putnam Ave, Suite 2622-S1
> Greenwich, CT 06831
> P: (212) 373-1181
> menglehardt@opeaklp.com

CONFIDENTIALITY NOTICE: *All incoming and outgoing emails are monitored and archived. This e-mail message, and all attachments, may contain legally privileged or confidential information intended solely for the use of the individual, agent, or entity named in the e-mail. If you are not a designated recipient, you may not review, copy or distribute this message. If you have received this in error, please notify the sender by replying to the e-mail and deleting this message.*

CONFIDENTIALITY NOTICE: *All incoming and outgoing emails are monitored and archived. This e-mail message, and all attachments, may contain legally privileged or confidential information intended solely for the use of the individual, agent, or entity named in the e-mail. If you are not a designated recipient, you may not review, copy or distribute this message. If you have received this in error, please notify the sender by replying to the e-mail and deleting this message.*

CONFIDENTIALITY NOTICE: *All incoming and outgoing emails are monitored and archived. This e-mail message, and all attachments, may contain legally privileged or confidential information intended solely for the use of the individual, agent, or entity named in the e-mail. If you are not a designated recipient, you may not review, copy or distribute this message. If you have received this in error, please notify the sender by replying to the e-mail and deleting this message.*

CONFIDENTIALITY NOTICE: *All incoming and outgoing emails are monitored and archived. This e-mail message, and all attachments, may contain legally privileged or confidential information intended solely for the use of the individual, agent, or entity named in the e-mail. If you are not a designated recipient, you may not review, copy or distribute this message. If you have received this in error, please notify the sender by replying to the e-mail and deleting this message.*

CONFIDENTIALITY NOTICE: *All incoming and outgoing emails are monitored and archived. This e-mail message, and all attachments, may contain legally privileged or confidential information intended solely for the use of the individual, agent, or entity named in the e-mail. If you are not a designated recipient, you may not review, copy or distribute this message. If you have received this in error, please notify the sender by replying to the e-mail and deleting this message.*

CONFIDENTIALITY NOTICE: *All incoming and outgoing emails are monitored and archived. This e-mail message, and all attachments, may contain legally privileged or confidential information intended solely for the use of the individual, agent, or entity named in the e-mail. If you are not a designated recipient, you may not review, copy or distribute this message. If you have received this in error, please notify the sender by replying to the e-mail and deleting this message.*

CONFIDENTIALITY NOTICE: *All incoming and outgoing emails are monitored and archived. This e-mail message, and all attachments, may contain legally privileged or confidential information intended solely for the use of the individual, agent, or entity named in the e-mail. If you are not a designated recipient, you may not review, copy or distribute this message. If you have received this in error, please notify the sender by replying to the e-mail and deleting this message.*

CONFIDENTIALITY NOTICE: *All incoming and outgoing emails are monitored and archived. This e-mail message, and all attachments, may contain legally privileged or confidential information intended solely for the use of the individual, agent, or entity named in the e-mail. If you are not a designated recipient, you may not review, copy or distribute this message. If you have received this in error, please notify the sender by replying to the e-mail and deleting this message.*

CONFIDENTIALITY NOTICE: *All incoming and outgoing emails are monitored and archived. This e-mail message, and all attachments, may contain legally privileged or confidential information intended solely for the use of the individual, agent, or entity named in the e-mail. If you are not a designated recipient, you may not review, copy or distribute this message. If you have received this in error, please notify the sender by replying to the e-mail and deleting this message.*

CONFIDENTIALITY NOTICE: *All incoming and outgoing emails are monitored and archived. This e-mail message, and all attachments, may contain legally privileged or confidential information intended solely for the use of the individual, agent, or entity named in the e-mail. If you are not a designated recipient, you may not review, copy or distribute this message. If you have received this in error, please notify the sender by replying to the e-mail and deleting this message.*

CONFIDENTIALITY NOTICE: *All incoming and outgoing emails are monitored and archived. This e-mail message, and all attachments, may contain legally privileged or confidential information intended solely for the use of the individual, agent, or entity named in the e-mail. If you are not a designated recipient, you may not review, copy or distribute this message. If you have received this in error, please notify the sender by replying to the e-mail and deleting this message.*